IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE KITTERMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18−cv–1696-NJR |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| ILLINOIS PRISONER REVIEW BOARD, and | ) |
| JEFFREY DENNISON, | ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Shane Kitterman, an Illinois Department of Corrections inmate currently incarcerated in Shawnee Correctional Center, brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his convictions for failure to register as a sex offender and the denial of parole. The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## The Petition

Kitterman alleges that he is being held pursuant to three convictions for failure to register as a sex offender: Case Nos. 12-CF-1204, 14-CF-1422, and 15-CF-373, all out of St. Clair County,

1

Illinois. (Doc. 1, p. 2). In 1996, Kitterman entered a guilty plea to a 1995 charge with the understanding that he would only have to register as a sex offender until January 10, 2006. (Doc. 1, pp. 2, 4). Accordingly, Kitterman argues that he had no lawful duty to register at the time of the convictions, making them wrongful. (Doc. 1, p. 4). Kitterman further argues that his sentences on those convictions should not have exceeded a year, making his three-year sentence improper. (Doc. 1, p. 5). Kitterman also requests that he be permitted to attack his 1996 sentence because that conviction was entered pursuant to a plea agreement which the State has now breached. (Doc. 1, pp. 6-7).

The Court notes that Kitterman has filed several actions previously in this district court. Most relevant, he filed Case No. 06-cv-1134-DRH. Kitterman alleges that this action was stayed pending the state appellate court's decision on his appeals. (Doc. 1, p. 7). A review of the docket shows, however, that action was dismissed with prejudice on February 13, 2017, because the Court lacked jurisdiction over Kitterman's claims that the effects of the 1996 sentence entitled him to habeas proceedings. *Kitterman v. Garnett*, 16-cv-1134-DRH, Doc. 9 (S.D. Ill. Feb. 13, 2017). Kitterman also had an earlier habeas proceeding dismissed without prejudice because he had not exhausted his state court remedies. *Kitterman v. Garnett*, 16-cv-684-DRH, Doc. 9 (S.D. Ill. Aug. 2, 2016).

Kitterman states that the state appellate court reversed his conviction in Case No. 12-CF-1584, and he attached a copy of that decision. *People v. Kitterman*, 2018 Ill. App. (5th) 140514-U (Aug. 8, 2018). Kitterman argues that this decision renders all of his convictions, Case Nos. 12-CF-1204, 14-CF-1422, and 15-CF-373, void because all of the cases raised the same issues. Thus, Kitterman argues that his current imprisonment is illegal. (Doc. 1, p. 8).

Finally, Kitterman alleges that he entered into an agreement with the State that sex offender residency restriction laws would not apply to him. *Id*. He alleges that the State has breached this agreement, because he is being denied parole for lack of a proper host site. *Id*. Kitterman alleges that this conduct violates his rights under the Ex Post Facto Clauses of the Illinois and United States Constitution. *Id*. Kitterman requests release from custody. *Id*.

## **Analysis**

Kitterman appears to be making three arguments in the Petition, but unfortunately none of them survives review. First, he argues that his present incarceration means that he can challenge his 1996 plea agreement. Kitterman previously made this argument in Case No. 16-cv-1134-DRH, where it was analyzed in depth and dismissed with prejudice. The dismissal with prejudice is *res judicata* to this action, and thus Kitterman's first argument fails.

Kitterman's second contention is essentially that his triumph in the appeal of Case No. 12-CF-1584 requires this Court to order him released immediately. A federal court should not grant a habeas application to a petitioner seeking relief under Section 2254 unless it appears that "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

A petitioner need only raise the issues under consideration once before the state court to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). There is no requirement that a petitioner raise issues previously raised on direct appeal in an additional state post-conviction proceeding. In fact, the Illinois Post-Conviction Hearing Act specifically prohibits a litigant from raising issues on collateral attack that were previously raised on direct appeal.

*People v. Tate*, 980 N.E.2d 1100, 1103 (Ill. 2012) ("A postconviction action is not an appeal from the judgment of conviction, but is a collateral attack on the trial court proceedings."); *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). The United States Supreme Court also has interpreted the exhaustion requirement to only require one complete round of the state appellate court's review process. *O'Sullivan*, 526 U.S. at 844 ("[W]e have not interpreted the exhaustion doctrine to require prisoners to file repetitive petitions.") (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953), *superseded by statute*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214).

It does not appear that Kitterman's appellate victory is related to his present incarceration. Kitterman does not allege—and Illinois Department of Corrections records do not reflect—that Kitterman is currently being held on Case No. 12-CF-1584. Although that case appears to raise similar issues to Kitterman's other failure to register convictions, and it is probable that the Fifth District may issue similar rulings in those cases, Kitterman has not alleged that any decisions in his other appeals have issued.[1] He also has not identified any unconstitutional impediment to those decisions that would justify federal intervention. Kitterman may be unhappy with the pace of appellate review, but he is still obligated to present his appeals through a complete round of state court review, as he has been told several times previously. Victory on appellate review of a similar issue does not exhaust a state prisoner's remedies as to other convictions. Because there is no indication that Kitterman has exhausted his state court remedies regarding the convictions on which he is presently incarcerated, and because there is a high probability that state action will potentially moot this case, the Court will once again dismiss Kitterman's claims as premature.

---

[1] In Case No. 16-cv-684-DRH, Kitterman represented to the Court that he had appeals pending in all three cases: No. 05-15-0408, 05-15-0409, and 05-15-373.

Kitterman's last argument is that the failure to release him on parole violates the Ex Post Facto clause. Kitterman has not alleged that he has raised this claim in state court. He is required to do so. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Moreover, the Ex Post Facto clause prohibits changes *in law* that makes the punishment for a crime more onerous after its commission. *Collins v. Youngblood*, 497 U.S. 37, 41-42 (1990). Kitterman has not alleged an unfavorable change in the law. He is alleging that his plea agreement has been breached. The Court can find no case holding that a breach of a plea agreement violates the Ex Post Clause. In fact, the Seventh Circuit has noted that claims that the government has failed to honor a plea agreement arise in the context of the original conviction and cannot be used to challenge parole decisions. *Plummer v. Marberry*, 411 F. App'x 893, 896 (7th Cir. 2011). Accordingly, Kitterman's claim that the government has violated the Ex Post Facto clause by allegedly breaching the plea agreement will be dismissed with prejudice as frivolous.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED without prejudice** to any other habeas petition or civil rights action that Kitterman wishes to file as to his unexhausted state claims. Kitterman's other claims are **DISMISSED with prejudice**. All outstanding motions (Docs. 2, 5) are **DENIED as moot**.

Should Kitterman desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the Seventh Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability "when it enters a final order adverse to the

applicant." This petition has been dismissed without prejudice because Kitterman failed to exhaust his state court remedies prior to filing his Section 2254 petition. Except in special circumstances, such a dismissal without prejudice is not a final appealable order, so a certificate of appealability is not required. *See Moore v. Mote,* 368 F.3d 754, 755 (7th Cir. 2004).

As to the claims the Court will dismiss with prejudice, pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Kitterman need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

Here, no reasonable jurist would find debatable the correctness of this Court's ruling on Kitterman's ability to challenge his original conviction or his ability to raise the breach of the plea agreement in this proceeding. Accordingly, a certificate of appealability shall not issue.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: October 11, 2018

                                                **NANCY J. ROSENSTENGEL**
                                                **United States District Judge**