IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE A. KITTERMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1696-NJR |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, ILLINOIS PRISONER REVIEW BOARD, and JEFFREY DENNISON, | ) ) ) ) ) ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is on remand from the United States Court of Appeals for the Seventh Circuit. (*See* Doc. 24). Petitioner Shane Kitterman appealed the dismissal of a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed on September 5, 2018. This Court dismissed the Petition at screening on October 11, 2018. (Doc. 8). Judgment was entered the same day. (Doc. 9).

Kitterman filed a Motion for Reconsideration (Doc. 10) in late October and a Notice of Appeal (Doc. 11) in late November—before the Motion for Reconsideration was decided. After seeking leave to proceed *in forma pauperis* ("IFP") on appeal, Kitterman also filed a Motion to Amend Petition (Doc. 18) on January 23, 2019. This Court granted Kitterman's request for IFP on appeal on February 8, 2019, and also indicated that it would be inclined to grant the Motion for Reconsideration, in part, and deny the Motion for Leave to Amend as moot, if the matter was remanded. (Doc. 19) ("Indicative Ruling").[1]

---

[1] Kitterman subsequently filed an Objection to the Indicative Ruling (Doc. 22), which this Court directed the Clerk of Court to forward to the Court of Appeals for any further action that it deemed necessary on March 1, 2019. (Doc. 23). Jeff Dennison then filed a Statement of Position on March 13, 2019. *Kitterman v. Dennison*, Case 18-3550 (7th Cir.) (Doc. 16).

1

On March 25, 2019, the Seventh Circuit remanded the matter for proceedings consistent with the Indicative Ruling and also invited this Court to consider "the respondent's statement of position regarding any challenge Kitterman makes to his 1996 conviction and whether he is 'in custody' on that conviction." (Doc. 24, p. 2).

Consistent with its Indicative Ruling (Doc. 19), the Court shall **GRANT** Kitterman's Motion for Reconsideration (Doc. 10), in part, and **DENY** Kitterman's Motion for Leave to Amend (Doc. 18) as **MOOT**. Because the Court concludes that Kitterman is not "in custody" on the 1996 conviction, this Court lacks jurisdiction over his claims pertaining to that conviction. Kitterman's challenge to his 2012, 2014, and 2015 convictions remain dismissed without prejudice based on his failure to exhaust his state court remedies prior to filing this action.

## Discussion

A.   **Motion for Reconsideration (Doc. 10)**

At the time of filing this federal habeas action, Kitterman was being held pursuant to three convictions for failure to register as a sex offender in St. Clair County Case Nos. 12-CF-1204, 14-CF-1422, and 15-CF-373. In 1996, he entered a guilty plea to a 1995 charge with the understanding that he would only have to register as a sex offender until January 10, 2006. Kitterman argued that his convictions for failure to register as a sex offender were wrongful because he was not required to register as a sex offender in 2012, 2014, or 2015. He also attacked his 1996 conviction by arguing the conviction was entered pursuant to a plea agreement that was breached by the State when he was convicted of failing to register as a sex offender.

In support of his claims, Kitterman noted that the Illinois Appellate Court overturned his conviction for failure to register as a sex offender in a different 2012 case, *i.e.*, Case No. 12-CF-1584, in August of 2018. (Doc. 1, pp. 18-26). But Kitterman was not being held in connection with Case No.

12-CF-1584.[2] He was being held in connection with Case Nos. 12-CF-1204, 14-CF-1422, and 15-CF-373. Furthermore, these three cases were consolidated into two appeals (Case Nos. 5-15-0408 and 5-15-0373) that were pending when Kitterman filed this federal habeas action.[3] The Court therefore dismissed the Petition without prejudice based on Kitterman's failure to exhaust his state court remedies before bringing this federal habeas action. On review, the Court remains convinced that this decision was proper, and the Motion for Reconsideration shall be denied with respect to this decision.

The Court also dismissed Kitterman's claims pertaining to his 1996 conviction with prejudice after finding that the claims were previously adjudicated on the merits in *Kitterman v. Garnett*, 16-cv-1134-DRH (S.D. Ill. Feb. 13, 2017). But, as Kitterman notes in his Motion for Reconsideration, the Seventh Circuit vacated the subject order and judgment in *Kitterman v. Dennison*, App. No. 17-1435 (7th Cir. July 10, 2017). That case was remanded and stayed until Kitterman sought voluntary dismissal. The case was ultimately dismissed without prejudice. The Court erred by dismissing Kitterman's claims in this action pertaining to his 1996 conviction with prejudice on *res judicata* grounds. Instead, the Court should have dismissed Kitterman's challenge to the 1996 conviction for lack of jurisdiction. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). The Court shall therefore grant the Motion for Reconsideration, in part, as it pertains to the dismissal with prejudice on *res judicata* grounds. The dismissal should instead be *for lack of jurisdiction*.

**B.      1996 Conviction - "In Custody" Requirement**

Kitterman also seeks to challenge his 1996 conviction, but he was not "in custody" on that conviction at the time of filing this action or now. Kitterman pleaded guilty in 1996 to aggravated criminal sexual abuse. *See Kitterman v. Garnett*, No. 16-cv-1134-DRH (S.D. Ill.) (Doc. 1-1, p. 6; Doc.

---

[2] Kitterman was sentenced to a 24 month term of probation in connection with that case.
[3] In Kitterman's Motion to Amend, he states that "since filing the motion to reconsider, and the notice of appeal…, the petitioner has been awarded relief by State Habeas Corpus in the cases that were pending before the Illinois Appellate Court Fifth district. Case Nos: 12-CF-1204, 14-CF-1422, and 15-CF-373." (Doc. 18, p. 1).

8, pp. 5-7; Doc. 9, p. 3 n.2) (summarizing case history). Pursuant to that plea, he was required to serve four years of probation. Kitterman did not successfully complete the original 4-year term of probation, and it was revoked on March 6, 1997. (*Id*.). Kitterman was then sentenced to four years of imprisonment, but he was released after serving approximately seven months in 1998 with credit for time served. (*Id*.). As of that time, he was no longer "in custody" for the 1996 conviction. *See Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) ("As a general matter, if a petitioner 'is no longer serving the sentences imposed pursuant to' the conviction challenged in a petition, he 'cannot bring a federal habeas petition directed solely at' that conviction.") (citing *Lackawanna Cnty. Dist. Attorney v. Cross*, 532 U.S. 394, 410 (2001)).[4] The fact that Kitterman was in custody pursuant to convictions for failing to register as a sex offender stemming from the 1996 conviction at the time of filing this habeas action does not alter this result. *See Stanbridge,* 719-720. Thus, the Court concludes that Kitterman was not "in custody" pursuant to the 1996 conviction at the time of filing the instant Petition. Nor is he presently "in custody" pursuant to that, or any other, conviction. The Court thus lacks jurisdiction over his related claims.

C. **Motion for Leave to Amend (Doc. 18)**

Kitterman also seeks leave to file an amended petition, but Kitterman indicates that he has been awarded relief by State Habeas Corpus in Case Nos. 12-CF-1204, 14-CF-1422, and 15-CF-373. (Doc. 1, p. 1). He was released from custody.[5] Kitterman's release, coupled with the fact that he does not challenge any other collateral consequences of his convictions, renders an Amended Petition moot because there is no live case or controversy. *See Graham v. Duckworth*, 175 F.3d 1017, 1019 (7th Cir.

---

[4] The fact that Kitterman was required to register as a sex offender as late as January 2006 did not render him "in custody" pursuant to the 1996 conviction. *See Stanbridge*, 791 F.3d at 720 (citing *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008).
[5] Although the trial court issued an amended order finding two of the convictions (Case Nos. 12-CF-1204 and 15-CF-373) immune from challenge because they were entered on guilty pleas, Kitterman was nevertheless discharged from custody based on the sentence recalculation that resulted from the removal of his conviction in Case No. 14-CF-1422. *Kitterman v. Dennison*, Case 18-3550 (7th Cir.) (Doc. 16, p. 5).

4

1999) (unpublished decision); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (leave to amend need not be granted where it is clear that an amendment would be futile). The Motion for Leave to Amend shall therefore be denied on this ground.

### Conclusion

**IT IS ORDERED** that Kitterman's Motion for Reconsideration (Doc. 10) is **GRANTED**, in part, and **DENIED**, in part. The Order Dismissing Case (Doc. 8) should have dismissed Kitterman's claims challenging his 2012, 2014, and 2015 convictions without prejudice for failure to exhaust state court remedies and dismissed Kitterman's claims pertaining to his 1996 conviction for lack of jurisdiction.

**IT IS ORDERED** that the first paragraph of the Disposition in the Order Dismissing Case (Doc. 8, p. 5) is **VACATED** and replaced with the following language:

> **IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is DISMISSED without prejudice to any other habeas petition or civil rights action that Kitterman wishes to file as it relates to his challenge to the 2012, 2014, and 2015 convictions. Kitterman's claims pertaining to his 1996 conviction are DISMISSED for lack of jurisdiction.**

**IT IS ORDERED** that Kitterman's Motion for Leave to Amend (Doc. 18) is **DENIED** as **MOOT**.

The Court **DIRECTS** the Clerk of Court to docket an **AMENDED JUDGMENT** and send a copy of this Order to the Court of Appeals.

**IT IS SO ORDERED.**

**DATED: April 8, 2019**

*[signature: Nancy J. Rosenstengel]*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**